# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

RECEIVED
BY MAIL
JUL 13 2005
CLERK, US DIST. COURT
ST. PAUL, MN

No. 04-2317

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Shannon George Wilson, | * | CR02-361 RHK/RLE |
| | * | |
| Appellant. | * | |

Submitted: December 15, 2004
Filed: May 11, 2005

Before WOLLMAN, LAY, and COLLOTON, Circuit Judges.

WOLLMAN, Circuit Judge.

Shannon George Wilson (Wilson) is a previously convicted felon who pleaded guilty to possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] found that Wilson had at least three felony convictions and imposed a sentence of 180-months' imprisonment, the minimum allowable under the Armed Career Criminal Act (ACCA), as amended in 1986, 18 U.S.C. § 924(e)(1). Wilson appeals his sentence on two separate bases. The first basis is a three-part Sixth Amendment challenge. It consists of his claim that the

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

SCANNED
JUL 13 2005
U.S. DISTRICT COURT ST. PAUL

government should have been required to prove beyond a reasonable doubt the facts informing the district court's conclusions that (1) his prior offenses were violent felonies and (2) these prior felonies occurred on different occasions so as to form the requisite three prior violent felonies under the ACCA. The final component of Wilson's Sixth-Amendment argument is that (3) the United States Sentencing Guidelines are unconstitutional. Wilson's second basis for reversal arises from his objection at sentencing to the district court's findings with respect to (1) and (2) above. We affirm.

## I.

In November of 2001, the Minnesota Department of Natural Resources received information from its "Turn In Poachers" telephone hotline that Wilson was hunting deer in a closed season and that he was a convicted felon. A warrant to search Wilson's trailer was issued on the basis of this information and the results of surveillance. During their search, officers recovered spent rifle casings in front of Wilson's trailer. Within the trailer, they found approximately 40 additional shells and Wilson's wallet. Wilson returned from the woods to find the officers engaged in the search, whereupon he pointed out the location of his loaded shotgun and loaded rifle. On his person, Wilson had, among other things, seven rounds of rifle ammunition.

## II.

Wilson's claim that the sentencing guidelines are unconstitutional is irrelevant to this case. Although the mandatory application of the United States Sentencing Guidelines has been held unconstitutional by the Supreme Court, see Booker v. United States, 125 S. Ct. 738 (2005), Wilson's sentence was mandated by statute and is thus free of error. United States v. Painter, 400 F.3d 1111 (8th Cir. 2005).

Wilson's other Sixth Amendment argument states that the determinations of whether his prior felonies were violent offenses and whether they occurred on separate occasions should have been made by a jury under the beyond a reasonable

doubt standard. The fact of a prior conviction need not be submitted to a jury or proved beyond a reasonable doubt. Booker, 125 S.Ct. at 756 (confirming that Apprendi v. New Jersey, 530 U.S. 466 (2000), has not been overruled). A prior felony conviction is a sentencing factor for the court rather than a fact for the jury. Almendarez-Torres v. United States, 523 U.S. 224, 235, 240-44 (1998). The Supreme Court's recent sentencing cases have not altered this principle. See Booker, 125 S.Ct. at 756; Blakely v. Washington, 124 S.Ct. 2531, 2536 (2004). See also Shepard v. United States, 125 S. Ct. 1254, 1264 (2005).

To the extent that Wilson claims that the determinations at issue require the finding of facts beyond the mere fact of a prior conviction, the same result obtains. See United States v. Marcussen, No. 04-2935, slip op. at 3 (8th Cir. Apr. 11, 2005) (noting that "we previously have rejected the argument that the nature of a prior conviction is to be treated differently from the fact of a prior conviction") (citing United States v. Kempis-Bonola, 287 F.3d 699, 703 (8th Cir. 2002) and United States v. Davis, 260 F.3d 965, 969 (8th Cir. 2001)).

Accordingly, we hold that no Sixth Amendment violation occurred.

**III.**

Wilson claims that the district court erred in determining that his past felonies brought him within the reach of the ACCA. His arguments on this point address whether his past convictions constitute "violent felonies,"and whether two of these past felonies occurred on occasions different from one another. Five past felony convictions detailed in the Pre-Sentence Investigation (PSI) were discussed at sentencing: third-degree burglary; second-degree assault; terroristic threats; theft of an automobile; and theft of firearms (PSI at ¶¶ 27, 29-31). Section 924(e) of the ACCA requires only three violent felonies. Accordingly, Wilson must show that three of his prior felonies do not count for this purpose in order to remove himself from the reach of the ACCA.

We review *de novo* the district court's determination that a prior offense constitutes a violent felony under § 924(e). United States v. Barbour, 395 F.3d 826, 827 (8th Cir. 2005). Section 924(e)(1) mandates a term of imprisonment of not less than fifteen years for "a person who violates section 922(g)... and has three previous convictions... for a violent felony or a serious drug offense, or both, committed on occasions different from one another." A violent felony "(i) has as an element the use, attempted use, or threatened use of a physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosive, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924 (e)(2)(B).

Wilson argues that his conviction for theft of a car does not qualify under subsection (i) because the Minnesota statute defining this crime does not include the component of physical force against the person of another. Our case law, however, holds otherwise. "The theft or attempted theft of an operable vehicle is a crime of violence under section 4B1.2 of the guidelines." United States v. Sun Bear, 307 F.3d 747, 753 (8th Cir. 2002), cert. denied, 539 U.S. 916 (2003). This rule extends to § 924(e). United States v. Sprouse, 394 F.3d 578, 580 (8th Cir. 2005).

Wilson has conceded that his third-degree burglary conviction counts as a violent felony and, as discussed above, theft of an operable vehicle is a violent felony. Even if we were to credit Wilson's arguments that theft of firearms is not a violent felony and that the assault and terroristic threats should be counted as a single violent felony, Wilson would still have the three violent felonies required for sentencing under the ACCA. Therefore, we do not address these other issues.

The sentence handed down by the district court is affirmed.

______________________________

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS. CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans