**U.S. Department of Justice**

*United States Attorney*
*District of Minnesota*

*600 United States Courthouse* *(612)664-5600*

*300 South Fourth Street*
*Minneapolis, MN 55415*

December 19, 2002

Andrea K. George, Assistant
Federal Public Defender
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Re: United States v. Shannon George Wilson
Criminal No. 02-361 RHK/RLE

Dear Ms. George:

This follows our recent discussions about the proper classification of your client, as well as your most recent telephone call indicating that you do not believe your client can be properly characterized as an Armed Career Criminal under §4B1.4 of the Sentencing Guidelines. Enclosed is a copy of the sentencing worksheet I have prepared in this case. Please see if it matches what you have.

In short, I believe your client qualifies as an Armed Career Criminal under §4B1.4 (if we obtain a superceding indictment charging him under 18 U.S.C. §924(e), which we can do in short order) since he has three previous convictions for a violent felony committed on different occasions from one another. "Violent felony" is defined at 18 U.S.C. §924(e)(2)(B) as any felony that

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another

Your client's following convictions would qualify as "violent felonies":

1. March 11, 1994 shooting at Tony Cornish, for which defendant pled guilty to second-degree assault on July 25, 1994 (and for which he was sentenced to 36 months);

2. March 16, 1994 shooting at Tony Cornish, for which defendant pled guilty to terroristic threats on July 25, 1994 (and for which he was sentenced to 18 months); and

3. March 2, 1995 burglary of the Sandra Sersha residence in which the defendant stole five firearms and other items and for which the defendant pled guilty on December 18, 1995 (and for which he was sentenced to, ultimately, 22 months).

Each of these crimes is a "violent felony" and each occurred on separate occasions, even though the first two were sentenced on the same date. Therefore, the defendant has three prior violent felonies and is an Armed Career Criminal.

Because of this characterization, your client's offense level would be 33 (§4B1.4(b)(3)(B)), which would result in a total offense level of 30 with acceptance of responsibility. His criminal history category appears to be at least a V, and quite possibly a VI. If his criminal history category is a V, then his sentencing range would be 180 (statutory minimum) to 210 months.

I look forward to your input on this issue - as well as your pre-trial motions. You are correct that there are a lot of 404(b) offenses (and corresponding statements) that can find their way into this case. It may, however, be possible to limit the use of that evidence at trial - of course, I would nonetheless reserve the right to present that information fully to the Court and the Probation Office for sentencing.

Sincerely,

THOMAS B. HEFFELFINGER
United States Attorney

FILE COPY

BY: WILLIAM H. KOCH
Assistant U.S. Attorney
Attorney No. 22523X

Enclosure