UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 02-361 (RHK/RLE)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>SHANNON GEORGE WILSON,<br>Defendant. | UNITED STATES RESPONSE TO DEFENDANT'S MOTION TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582 |

The United States through its attorneys, Frank J. Magill, Jr., Acting United States Attorney, and Jeffrey M. Bryan, Assistant United States Attorney, submits this Response in opposition to Defendant Shannon George Wilson's Motion to modify his sentence pursuant to 18 U.S.C. § 3582(c).

FACTUAL BACKGROUND

In November 2002, Wilson was indicted for being a felon in possession of a firearm (Count 1), and being a felon in possession of ammunition (Count 2). (Doc. No. 1). Pursuant to a plea agreement, Wilson pled guilty to illegally possessing a shotgun (which was in his trailer, and not being used during the hunt from which he was returning at the time of the search warrant). See Plea Agreement (Doc. No. 29). The Court found Wilson had been convicted of at least three prior "violent felonies," and that he was subject to the sentencing provision of 18 U.S.C. § 924(e) of the Armed Career Criminal Act (ACCA).[1] Wilson was sentenced to 180

[1] The Presentence Report (PSR) detailed five past felony convictions: Third-degree burglary; second-degree assault; terroristic threats; theft of an automobile; and theft of firearms

months, the mandatory minimum under the ACCA. (See Doc. No. 40: Judgment at 2.)

Wilson appealed his conviction and sentence arguing that his Sixth Amendment right was violated when the Court, rather than a jury, found that he was an Armed Career Criminal. He also argued that he should not have been sentenced under the ACCA, because he did not actually have three prior "violent felony" convictions. The Eighth Circuit rejected all of Wilson's arguments and affirmed his conviction and sentence. United States v. Wilson, 406 F.3d 1074 (8th Cir.), cert. denied, 126 S. Ct. 292 (2005).

On April 4, 2006, Wilson filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. He claimed that his constitutional rights were violated when the facts concerning his prior convictions were determined by a judge, rather than a jury. Wilson argued his 922(g) conviction was an unconstitutional infringement of his Second Amendment right "to keep and bear Arms." Wilson also claimed that he received ineffective assistance of counsel because his attorney did not adequately raise these issues at trial or on appeal. This Court rejected Wilson's claims and denied his motion. (See Doc. No. 55: Oct. 30, 2006 Order.)

---

(PSR at ¶¶ 27, 29-31), all of which were discussed at sentencing.

Wilson has filed the instant Motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c). Wilson challenges his 188-month sentence, claiming that he always retained his right to bear arms for the lawful purpose of hunting even after he incurred his prior felony convictions.[2] (See Doc. No. 63: Deft.'s § 3582 Mot. at 3-4.) He also claims that his sentence should be modified in light of the recent amendment to the Sentencing Guidelines § 4A1.2(a)(2), which he claims now restricts the Court's counting of prior convictions when determining whether a defendant is a Career Offender or an Armed Career Criminal. (Id.) Wilson requests that his sentence be modified to a term within 30-37 months. (Id. at 6.)

## I. WILSON'S MOTION UNDER 18 U.S.C. § 3582 IS AN IMPROPER ATTACK OF HIS CONVICTION AND SENTENCE AND DEFENDANT HAS FAILED TO OBTAIN THE REQUIRED PREAUTHORIZATION NECESSARY TO FILE A SUCCESSIVE HABEAS MOTION.

Wilson claims that his Second Amendment right to bear arms for hunting purposes was never judicially abolished even after he incurred his prior violent felony convictions. He claims that his "188-sentence" is in violation of the constitution when he did nothing more than go hunting with a legal firearm. (Id. at 4-5.)

Although Wilson seeks to modify his sentence, in reality, he is attacking his conviction and sentence which can only be

[2] Throughout his motion Wilson challenges his "188-month" sentence, when in fact, he was sentenced to 180 months. (See Doc. No. 40: Judgment.)

considered under § 2255. Wilson may only file a second or successive motion pursuant to § 2255 with the advanced authorization from the Eighth Circuit Court of Appeals. 28 U.S.C. § 2255, ¶ 8. Wilson has failed to satisfy this prerequisite prior to bringing his claim to this Court, and the instant Motion is not properly before the Court.

"It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005)(quoting United States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002)); see also United States v. Anderson, Doc. No. 99-57, 2007 WL 436086, at *1 (D. Minn. Feb. 6, 2007)(Kyle, J.)(§ 3582(c) cannot be used to circumvent restraints on successive habeas petitions)(unpublished). Because Wilson already filed one § 2255 petition in April 2006, (where he unsuccessfully raised essentially the same Second Amendment argument that he raises here), the Court cannot consider this claim unless and until he receives authorization from the Eighth Circuit. See 28 U.S.C. § 2255, § 2244(b). Accordingly, the Court should deny the Motion.

## II. WILSON'S MOTION SHOULD BE DENIED BECAUSE 18 U.S.C. § 3582(c) DOES NOT PROVIDE FOR THE RELIEF HE SEEKS.

Title 18, United States Code, Section 3582 strictly limits the authority of the district court to modify a sentence. The statute

authorizes a sentence reduction based on an amendment to the sentencing guidelines only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Guideline Section 1B1.10 contains the Sentencing Commission's primary "Policy Statement" regarding reduction of sentences under 18 U.S.C. § 3582(c)(2). Guideline Section 1B1.10 identifies the amendments which may be applied retroactively pursuant to this authority. A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). E.g., United States v. Walsh, 26 F.3d 75, 76-77 (8th Cir. 1994).

Wilson claims that the recent amendment to § 4A1.2(a)(2) now provides that Wilson's two July 25, 1994, prior convictions for assault and terroristic threats can no longer be counted separately and should be counted as a single episode. (PSR ¶ 29.) He claims this amendment nullifies his enhancement as an armed career criminal and his guideline range and sentence should be modified to a term within 30-37 months. (See Doc. No. 63: : Deft.'s § 3582 Mot. at 4-6.)

Wilson, therefore, raises a challenge to Amendment 709, which, among other things, modified the definition of "related" sentences in Guideline Section 4A1.1 and 4A1.2. Amendment 709, however, is not listed in Section 1B1.10(c), and therefore, is not retroactively applicable. Even if Amendment 709 was applicable, which it is not, Wilson would still have the three violent felonies

required for sentencing under the ACCA. (PSR ¶¶ 27, 29-31); see also Wilson, 406 F.3d at 1075 (Eighth Circuit found Wilson would still have the required three violent felonies for sentencing under the ACCA even if they were to credit Wilson's claims that theft of firearms was not a violent felony, and the assault and terroristic threats be counted as a single violent felony). Thus, Amendment 709 in no way affects Defendant's status as an Armed Career Criminal, or the length of his term of imprisonment.

CONCLUSION

For all of the above reasons, Wilson's Motion for modification of sentence pursuant to 18 U.S.C. § 3582(c) should be denied.

Respectfully submitted,

Dated: January 18, 2008.

FRANK J. MAGILL, JR.
Acting United States Attorney

s/ Jeffrey M. Bryan

BY: JEFFREY M. BRYAN
Assistant U.S. Attorney
Attorney ID No. 0325077