**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

SHANNON GEORGE WILSON,

Defendant.

Crim. No. 02-361 (RHK/RLE)

**ORDER**

This matter is before the Court on Defendant's self-styled motion seeking to modify his prison sentence pursuant to 18 U.S.C. § 3582(c)(2). (Docket No. 63.) Defendant contends that his sentence should be reduced because of a post-sentencing amendment to a section of the Sentencing Guidelines that affected his sentence.[1] The amendment at issue, known as "Amendment 709," modifies § 4A1.2(a)(2) of the Guidelines, which applies to criminal defendants sentenced under the

[1] The Government has suggested that, despite Defendant's repeated references to 18 U.S.C. § 3582(c), he is not only challenging his sentence based on a post-sentencing amendment to the Guidelines, (as permitted by § 3582(c)), but, in addition, he is claiming that his sentence was improper from the time it was imposed. To the extent that Defendant may indeed be claiming that the Court erred at the time of his original sentencing, his claims cannot be entertained here. As the Government has correctly pointed out, such claims can only be raised in a motion brought under 28 U.S.C. § 2255. See Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) ("[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255"). Because Defendant has already brought a § 2255 motion, which was considered and denied on the merits, (see Order dated October 30, 2006; [Docket No. 55]), he cannot again seek relief under § 2255 without first obtaining a pre-authorization order from the Eighth Circuit Court of Appeals. 28 U.S.C. § 2255 [ ¶ 8 ]; 28 U.S.C. § 2244(b). See United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir.) ("[i]t is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure"), cert. denied, 545 U.S. 1135 (2005). Defendant has not obtained a pre-authorization order allowing him to file another § 2255 motion, so the Court cannot presently consider any alleged errors that purportedly occurred during the original sentencing process.

Armed Career Criminal Act, ("ACCA").[2]

Amendment 709 became effective on November 1, 2007 – long after Defendant was sentenced. Therefore, Defendant's sentence cannot be reduced pursuant to Amendment 709, unless that Amendment is retroactively applicable.

Although Amendment 709 became effective less than three months ago, a significant number of federal courts have already held, without exception, that the Amendment is not retroactively applicable. As succinctly explained in United States v. Boysaw, No. 7:03CR00128, (W.D.Va. 2008), 2008 WL 123641, at *1, "Amendment 709 is not listed in section 1B1.10(c) [of the Sentencing Guidelines] and, therefore, may not be applied retroactively as grounds for a sentence reduction under § 3582 for an inmate sentenced before the amendment." See also United States v. Cofield, No. 07-4502 (4th Cir. 2007), 2007 WL 4532938, at *1 (same); United States v. Beasley, No. 06-CR-30061-DRH, (S.D. Ill. 2007), 2007 WL 4390380, at *1 (same); Ellis v. United States, No. 3:06 CR 710-02, (N.D.Ohio 2008), 2008 WL 162155, at * 1 (same); United States v. Snyder, No. 1:99-CR-11, (N.D.Ind. 2008), 2008 WL 370663, at *3 (same); United States v. Jennings, No. 1:05CR00021 (W.D.Va. 2008), 2008 WL 114912, at *1 (same); United States v. Mackey, No. 00-316, (E.D.La. 2007), 2007 WL 4365380, at *1 (same).

Based on the reasoning and authority provided by the cases cited above, the Court finds that Amendment 709 is not retroactively applicable. Therefore, Defendant's motion seeking to have his sentence modified pursuant to 18 U.S.C. § 3582(c) must be denied.

---

[2] Although Petitioner has not explicitly identified the amendment on which his current motion is based, Amendment 709 appears to be the only recent amendment that affects the section of the Guidelines cited in Petitioner's motion, (i.e., § 4A1.2(a)(2)).

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

Defendant's Motion to modify his prison sentence pursuant to 18 U.S.C. § 3582(c)(2), (Docket No. 63), is **DENIED**.

Dated: February 26, 2008

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge